UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR OCTAVIO FRANCO GONZALEZ,

Petitioner,

v.

WARDEN, et al.

Respondents.

No.  1:26-cv-1871-DAD-EFB (HC)

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner alleges he is a native of Mexico.[1]  ECF No. 9 at 1.  He was brought to the United States as a 12-year-old child on November 29, 2015.  *Id*. at 2.  He was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5).[2]  *Id*.; *see* ECF No. 9-1.  He has applied for asylum and has a work authorization.  ECF No. 9 at 2.

On October 23, 2025, he complied with instructions to report to the office of Immigration and Customs Enforcement (ICE) in Stockton.  *Id*.  He was arrested there.  *Id*.  He was apparently informed that the arrest was for violations of the Intensive Supervision Appearance Program

---

[1]  Petitioner was self-represented when he filed his petition.  ECF No. 1.  Additional background information is provided in his reply, filed by his court-appointed counsel.  ECF No. 9.

[2]  Persons who are paroled into the United States "generally receive more protection under immigration law than [those] who are seeking admission."  *Vasquez Romero v. Garland*, 999 F.3d 656, 659 (9th Cir. 2021); *see also Rocha Chavarria v. Chestnut*, No. 1:25-cv-1755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) (paroled release under § 1182(d)(5) "necessarily requires a determination that [the parolee] posed neither a 'security risk nor a risk of absconding.'" (quoting 8 C.F.R. § 212.5(b)).

1

(ISAP) although he claims did not receive written notice or the reasons and he has not received opportunity to be heard on the alleged violations, or a bond hearing. *Id*. He alleges he was told he did not send required photos in a timely manner, despite informing ICE officers "that the application was malfunctioning and would close right when I took the photos." ECF No. 1 at 5.

He has two American-citizen children and his wife cannot work because she takes care of them. *Id*. at 6. There is no indication in this record that petitioner has a criminal history or pending criminal charges.

### LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

### ANALYSIS

Petitioner's parole signals an implicit or explicit finding that he was not dangerous or a flight risk. His failure and/or inability to send photos required by the ISAP program does not materially affect this determination. He does not appear to have any criminal history. He is not subject to a final order of removal.

Respondents' sole argument to justify petitioner's detention is that they claim he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(1). ECF No. 8. This is an incorrect statutory interpretation. Applicants for admission who are granted parole do not return to their former status unless or until their parole is ended. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).

Considering all these factors, and consistent with the court's reasoning and ruling in *Rocha Chavarria v. Chestnut,* No. 1:25-cv-1755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), the undersigned finds that petitioner's detention without pre-deprivation notice and hearing violated the Due Process Clause of the Fifth Amendment. Accordingly, the undersigned

recommends that respondents be ordered to immediately release petitioner and be enjoined from re-detaining him without constitutionally adequate pre-deprivation procedures.

It is hereby ORDERED that petitioner's motion for appointment of counsel, ECF No. 2, must is as moot because the court has appointed counsel.

It is RECOMMENDED that:

1) Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on his claim for violation of the Fifth Amendment due process clause.

2) Respondents be ordered to immediately release petitioner from custody with the same conditions he was subject to immediately prior to his detention on October 23, 2025.

3) At the time of his release, respondents be required to return all of petitioner's documents and possessions in their custody and control.

4) Respondents be directed to not re-detain petitioner without providing him notice and a pre-deprivation hearing before an immigration judge where the government has the burden to demonstrate a change in circumstances by clear and convincing evidence.

5) The Clerk be directed to serve the Mesa Verde Detention Facility with a copy of the Court's order.

6) These recommendations do not address the circumstances in which respondents may detain petition in the event petitioner becomes subject to an executable final order or removal and petitioner receives notice of that final order of removal.

7) The Clerk of Court be directed to enter judgment in petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE